Alan M. Kindred, SBN 135145
E-mail: akindred@leechtishman.com
Ivan Posey, SBN 196386
E-mail: iposey@leechtishman.com
**LEECH TISHMAN FUSCALDO**
**& LAMPL, INC.**
**A Professional Corporation**
200 South Los Robles Avenue
Suite 210
Pasadena, CA 91101
Phone: (626) 796-4000
Fax: (626) 795-6321

Attorneys for Plaintiff,
Bull Outdoor Products, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULL OUTDOOR PRODUCTS, INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>REC TEC INDUSTRIES, LLC, a Georgia limited liability company; and DOES 1 through 10, inclusive,<br><br>          Defendant. | CASE NO.<br><br>**COMPLAINT OF BULL OUTDOOR PRODUCTS, INC.:**<br>1) **TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114(l)**<br>2) **TRADEMARK INFRINGMENT UNDER 15 U.S.C. § 1114(l)**<br>3) **FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)(1)**<br>4) **FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**<br>5) **CALIFORNIA COMMON LAW PASSING OFF AND UNFAIR COMPETITION**<br>6) **CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

Plaintiff Bull Outdoor Products, Inc. avers:

1.     This is a complaint for injunctive relief and damages based on trademark counterfeiting, trademark infringement, false designation of origin, and federal unfair competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended (hereinafter "Lanham Act"); California common law passing off and unfair competition; and  California statutory unfair competition under Cal. Bus. & Prof. Code § 17200 et seq.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (any act of Congress relating to patents, copyrights and trademarks); 28 U.S.C. Section 1338(b) (action asserting a state claim of unfair competition joined with a substantial and related federal claim under the patent, copyright or trademark laws); and 28 U.S.C. Section 1367 (supplemental jurisdiction); and the doctrines of ancillary and pendent jurisdiction.

## VENUE

3.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because some or a substantial part of the events giving rise to the alleged claims in this action occurred in this judicial district.

## INTRA DISTRICT ASSIGNMENT

4.     Pursuant to the Local Rules of the United States District Court for the Eastern District of California, Civil L.R. 120(d), this action should be assigned to the Sacramento Division of the United States District Court for the Eastern District of California because unlawful acts by Defendants occurred in or around Sacramento.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

COMPLAINT

2

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

## **PARTIES**

5.     Plaintiff Bull Outdoor Products, Inc. (hereinafter referred to as "Bull Outdoor") is a corporation incorporated under the laws of the State of California, having a principal place of business at 1011 East Pine Street, Lodi, California 95240.

6.     Defendant Rec Tec Industries, LLC (hereinafter referred to as "Rec Tec") is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 2004 Westside Drive, Augusta, GA, 30907, USA.

7.     Bull Outdoor does not yet know the true names and capacities of the Defendants sued herein under the fictitious names Does 1-10 (the "Doe Defendants"). The Doe Defendants have engaged in, supported, and/or directed the activities of Defendant Rec Tec, or are otherwise responsible for the acts and omissions, for each of the matters alleged in this Complaint. To date, Bull Outdoor has been unable to identify the names of the Doe Defendants and, therefore, sues them by their fictitious names at this time. Bull Outdoor will amend this Complaint to allege the true names and capacities of such Doe Defendants when ascertained.

## **BACKGROUND**

### **Bull Outdoor And Its Valuable Intellectual Property Rights in the BULL® Marks**

8.     Bull Outdoor is a worldwide innovator, manufacturer, distributor and marketer of cooking products, and is a leader in the industry.  In 1992, the founders of Bull Outdoor began with an idea to develop a business creating the deliverable "Outdoor Kitchen Concept" out of their garage. Today, over 25 years later, Bull Outdoor Products Inc. has grown immensely, and reached widespread prominence in the grilling industry. Bull Outdoor has over 900 dealers and distributors throughout the United States, and Canada. The company began in

1993 with a 1,200 sq. ft. facility, and has now expanded to three: a 35,000 sq. ft. facility in Rialto, CA; a 20,000 sq. ft. facility in Athens, Tennessee; and its world headquarters in Lodi, CA.

9.    Bull Outdoor now reaches across the World, with Bull Europe Ltd. to support the Bull brand in the European Union, North Africa, and the Middle East. Bull is also the World Food Championships official grill sponsor. Bull Outdoor's very own Bull team member won back to back World Burger Championships.

10.    Of the many reasons for Bull Outdoor's success is that it has thoroughly researched and penetrated the grill industry to bring to the consumer products that are widely known as being "second to none!" Bull Outdoor's award winning grills are designed, engineered and master crafted with the finest materials available. All of the grills are CSA Gas Certified.

11.    Bull Outdoor's research in the grill industry has become even more cutting-edge, utilizing engineering experts at California Polytechnic to create the new ReliaBULL technology. For example, typical grills feature unpredictable heating across the surface. Bull Outdoor's ReliaBULL technology was created to eliminate uneven heating on a grill, making the outdoor grilling experience extraordinary.

12.    With its superior products, facilities, and team, Bull Outdoor Products Inc. pioneered the concept of outdoor barbecue islands, recognizing the need for backyard barbecue enthusiasts to bring their grilling talents to match those of professional chefs.

13.    Bull Outdoor owns several trademarks registered with the United States Patent and Trademark Office ("PTO"), and in other countries, that are used in interstate commerce in connection with its sales and promotion of its BULL® brands (collectively referred to as the "BULL® Marks"), including U.S. Reg. Nos. 4,729,883, 4,867,420 and 4,018,647 for the word mark BULL®; U.S. Reg.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

No. 3,642,748 (International Reg. No. 1,009,224) for the word mark BULL OUTDOOR PRODUCTS®. The '748 Registration for BULL OUTDOOR PRODUCTS® has achieved Incontestability status in the PTO. Copies of these registrations are attached as Exhibits 1-4 hereto and herein incorporated by reference.

14.     Bull Outdoor has used the BULL® Marks in interstate commerce in connection with the development, manufacture, promotion, marketing, and sale of its food preparation products, including its barbeque and grill products. Bull Outdoor's BULL® branded products have been tremendously successful.

15.     At all relevant times, Bull Outdoor used the "®" registration symbol with the BULL® Marks.

16.     To ensure its business reputation and to protect the value of its trademarks, Bull Outdoor maintains strict quality, integrity and safety standards for the BULL® products, Bull Outdoor has invested substantial time, effort and resources in developing, manufacturing and promoting the BULL® products. In addition, Bull Outdoor supports the sale of BULL® products with substantial advertising and promotion in the United States each year, in addition to its international expenditures on the same. In the U.S., in addition to its own sales, Bull Outdoor otherwise distributes the BULL® products only to authorized dealers, who then distribute the authorized products bearing the BULL® Marks to customers. As a result of Bull Outdoor's widespread and continuous use of its BULL® Marks, including in nationwide television and print advertisements, product literature, promotional materials and the Internet, Bull Outdoor's BULL® Marks have achieved broad national and international recognition as identifying Bull Outdoor as the exclusive source of its high quality BULL® products and distinguishing such products from those of others.

**Sales Of Counterfeit BULL® Products Violate Bull Outdoor's Intellectual Property Rights**

17.     Bull Outdoor subjects potential products to substantial research and trials before obtaining CSA approval and continues to assess the benefits and risks long after approval. Bull Outdoor's manufacturing processes and supply chain are tightly controlled in order to prevent inadvertent or knowing adulteration of its products.

18.     Failure to enforce strong intellectual property rights would have a chilling effect on the industry's ability to bring new innovative products to market. Bull Outdoor is currently working to develop new, more convenient and safer products.

19.     Counterfeiting causes irreparable damage to Bull Outdoor's image and the brand names of its products. Reports of counterfeit branded products make buyers wary of using products copied by counterfeiters and substantially harm the image of the company holding the intellectual property rights to marks used on the counterfeit products.

20.     Legitimate product producer reputations are equally harmed where counterfeit products simply are inferior, with customers believing the counterfeit to be the real product, and are led to believe the real product is inferior. In addition, people who may be injured from the inferior counterfeit products may attribute those injuries to the legitimate owner and producer of the products.

**Defendant Has Trafficked in Counterfeit Products**

21.     Defendant Rec Tec Industries, LLC has knowingly used and/or conspired to use Bull Outdoor's BULL® Marks on and in connection with sales of counterfeit products, including in this judicial district.

22.     Defendant Rec Tec Industries, LLC advertised the sale of and/or conspired to sell "genuine" BULL® products, but sold counterfeit versions in person, over the internet or by mail to customers who responded to the advertisements, including from Rec Tec's website. At least some of Defendant's

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

transactions were made in, and in the vicinity of, Sacramento, California and elsewhere in the Eastern District of California, as well as other locations including at least "all over California" as one customer service agent with Rec Tec put it. Defendants shipped and/or conspired to ship counterfeit products via the United States mail and private and commercial carriers to customers in the Eastern District of California, as well as other parts of California and other states.

23.    By way of example, Defendant is, and has been, manufacturing, importing, offering for sale and selling grills using the marks BULL RT – 700 and BULLSEYE. A copy of just some of the pages from Defendant's website rectecgrills.com offering said grills are attached as Exhibit 5. Accordingly, there is clear and convincing evidence that Defendant is counterfeiting and infringing the BULL® Marks.

24.    Defendant did not obtain the items it sold from Bull Outdoor or any other authorized source. Instead, Defendant used foreign and/or domestic counterfeit suppliers and middlemen, including Doe Defendants, to supply and/or distribute such counterfeit goods. Defendant has the manufacturers and suppliers mislabel counterfeit products, along with packaging, knowing that such products were counterfeit.

25.    The products offered and supplied by these foreign and/or domestic suppliers and/or distributors, including Doe Defendants, were not genuine BULL® products. The packaging materials that accompanied the counterfeit products also were not genuine.

26.    Defendant Rec Tec Industries, LLC was well aware that the counterfeit products and packaging were counterfeit based, among other things, on the price and quality of the items and the nature of the transactions. For example, Defendant provided manufacturers and suppliers with pictures of the counterfeit marks and packaging, and negotiated with manufactures and suppliers to produce poor imitations.

27.     Once they negotiated the price, quantity, and appearance of an order for counterfeit products, Defendants directed the suppliers to ship the goods into and/or within the United States, or the ordered, stored and shipped the counterfeit products to customers.

28.     Defendant made efforts and/or conspired to make efforts to advertise its counterfeit products as "genuine" BULL® products. Defendant often posted and/or conspired to post online advertisements indicating that they were offering genuine BULL® products and/or stating that all their products were genuine.

29.     Defendants (including the Doe defendants) knew the products and packaging they sold and/or conspired to sell were not genuine BULL® products, and knew that they were using counterfeits of the BULL® Marks on and in connection with those products, and that it was illegal to sell counterfeit products and misuse the marks. Defendant did not sell its products through authorized outlets for BULL® products.

30.     Defendants misled and/or conspired to mislead customers as to the genuineness of their counterfeit products.  This misleading information was material to the customers' decisions to purchase the counterfeit products. Bull Outdoor has not consented to, sponsored, endorsed, or approved Defendants' improper use of Bull Outdoor's BULL® Marks as alleged herein.

31.     Defendants' acts of improper use and promotion of Bull Outdoor's BULL® Marks are likely to cause confusion or mistake in the minds of consumers as to the sponsorship, endorsement, association, or approval of Defendant's unauthorized products by Bull Outdoor.

32.     Bull Outdoor's products, sold under the BULL® Marks, and any confusingly similar products sold by Defendants using counterfeits of Bull Outdoor's trademarks, would reasonably be thought by consumers to come from the same source, or to be affiliated with, connected to, or sponsored by Bull Outdoor.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

33.     The foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Bull Outdoor's rights.

34.     In this regard, Defendants' acts clearly and convincingly show that Defendants are guilty of oppression, fraud, and/or malice.

35.     Defendants' unlawful activity results in irreparable harm and injury to Bull Outdoor. In particular, the distribution and sale of fake BULL® products that bear Bull Outdoor's registered trademarks is likely to cause the value of Bull Outdoor's trademarks to be lost, diluted or diminished, thereby resulting in irreparable injury. The unauthorized use of Bull Outdoor's marks also interferes with Bull Outdoor's ability to exercise control over the quality and safety of its products, thereby causing Bull Outdoor irreparable injury. Additionally, Bull Outdoor has been deprived of its exclusive right to determine the manner in which its image is presented to the general public. Defendants' conduct misleads and deceives the public as to the origin and sponsorship of its goods, wrongfully trades upon, and cashes in on, Bull Outdoor's fine reputation and exclusive rights in its trademarks; and thereby irreparably harms and injures Bull Outdoor's goodwill and business reputation. As a direct and proximate result of Defendants' conduct set forth above, Bull Outdoor has been injured and damaged in an amount to be proven.

36.     Unless Defendants are enjoined from engaging in the infringing conduct described above, Bull Outdoor will suffer irreparable injury and further damage. Thus, it would be difficult to ascertain the amount of compensation which could afford Bull Outdoor adequate relief for Defendants' present and threatened acts, and Bull Outdoor's remedy at law is not adequate to compensate for said harm and damage.

**<u>FIRST CLAIM FOR RELIEF</u>**

<u>(Trademark Counterfeiting —Lanham Act)</u>

37.     Bull Outdoor repeats and realleges each and every averment set forth

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

in the foregoing paragraphs as though fully set forth herein.

38. Notwithstanding Bull Outdoor's rights in its BULL® Marks, with knowledge of Bull Outdoor's famous BULL® Marks, and with constructive and actual or constructive notice of Bull Outdoor's federal registration rights in its BULL® Marks, Defendants promoted, offered for sale and/or sold in interstate commerce, and/or conspired to do the same, non-Bull Outdoor products that bore trademarks identical to, or substantially indistinguishable from, Bull Outdoor's BULL® Marks and/or were sold in packaging bearing trademarks identical to, or substantially indistinguishable from, Bull Outdoor's BULL® Marks. Defendants' actions were likely to cause confusion, deception and mistake among the consuming public as to the source or affiliation of such unauthorized products, and Defendant's actions further deprived Bull Outdoor of control over its reputation regarding the quality of its goods.

39. Defendants' Bull marks are spurious and identical, or substantially similar to, Bull Outdoor's above-referenced federally registered BULL® Marks.

40. The foregoing actions of Defendants have been knowing, deliberate, willful and in utter disregard of Bull Outdoor's rights.

41. These wrongful acts by Defendants have proximately caused and will continue to cause Bull Outdoor substantial injury, including loss of customers, dilution of its goodwill, confusion or deception of potential customers, injury to its reputation, and diminution in value of its intellectual property.

42. The promotion, marketing, distribution and/or sale by Defendants of counterfeit, non-Bull Outdoor products bearing trademarks identical to, or substantially indistinguishable from, the BULL® Marks and/or sold in packaging bearing trademarks identical to, or substantially indistinguishable from, Bull Outdoor's trademarks constitutes trademark counterfeiting. By reason of the foregoing and/or its conspiracy to do the same, Defendants have violated and will continue to violate Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l), unless

1  enjoined by the Court.

2      WHEREFORE, Bull Outdoor prays for relief as set forth below.

3  ## SECOND CLAIM FOR RELIEF

4  (Trademark Infringement —Lanham Act)

5      43.   Bull Outdoor repeats and realleges each and every averment set forth

6  in the foregoing paragraphs as though fully set forth herein.

7      44.   Notwithstanding Bull Outdoor's rights in its BULL® Marks, with

8  knowledge of Bull Outdoor's famous BULL® Marks, and with constructive and

9  actual notice of Bull Outdoor's federal registration rights in its BULL® Marks,

10  Defendants promoted, offered for sale and/or sold or transported in interstate

11  commerce, and/or conspired to do the same, non-Bull Outdoor products that bear

12  trademarks confusingly similar to Bull Outdoor's BULL® Marks and/or were

13  sold in packaging bearing trademarks confusingly similar to Bull Outdoor's

14  BULL® Marks. Defendants' actions are likely to cause confusion, deception and

15  mistake among the consuming public as to the source or affiliation of such

16  unauthorized products, and Defendants' actions further deprive Bull Outdoor of

17  control over the quality of its goods.

18      45.   The foregoing actions of Defendants have been knowing, deliberate,

19  willful and in utter disregard of Bull Outdoor's rights.

20      46.   These wrongful acts by Defendants have proximately caused and will

21  continue to cause Bull Outdoor substantial injury, including loss of customers,

22  dilution of its goodwill, confusion of potential customers, injury to its reputation,

23  and diminution in value of its intellectual property.

24      47.   The promotion, marketing, distribution and/or sale by Defendants of

25  infringing, non-Bull Outdoor products bearing unauthorized replications of Bull

26  Outdoor's BULL® Marks and/or sold in packaging bearing unauthorized

27  replications of Bull Outdoor's BULL® Marks constitutes trademark

28  infringement. By reason of the foregoing and/or their conspiracy to do the same,

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

Defendants have violated and will continue to violate Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l), unless enjoined by the Court.

WHEREFORE, Bull Outdoor prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

#### (False Designation of Origin – Lanham Act – Section 43(a))

48.     Bull Outdoor repeats and realleges each and every averment set forth in the foregoing paragraphs as though fully set forth herein.

49.     The manufacture, distribution and/or sale by Defendants and/or their conspiracy to do the same, of non-Bull Outdoor products bearing unauthorized replications of Bull Outdoor's BULL® Marks and/or sold in packaging bearing unauthorized replications of Bull Outdoor's BULL® Marks, and the misleading or deceptive substitution of non-Bull Outdoor products for genuine BULL® products, constitutes false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

50.     The foregoing actions of Defendants have been knowing, deliberate, willful and in utter disregard of Bull Outdoor's rights.

51.     These wrongful acts by Defendants have proximately caused and will continue to cause Bull Outdoor substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property.

52.     The above acts by Defendants constitute false designation of origin. By reason of the foregoing and/or its conspiracy to do the same, Defendants have violated and will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

WHEREFORE, Bull Outdoor prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF

#### (Federal Unfair Competition - Lanham Act – Section 43(a))

53.     Bull Outdoor repeats and realleges each and every averment set forth

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

in the foregoing paragraphs as though fully set forth herein.

54.    Defendants' actions alleged above amount to unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that they create, cause and/or contribute to a false association between Bull Outdoor's products and counterfeit or infringing versions of Bull Outdoor's products that are not manufactured or authorized by Bull Outdoor. Defendants have caused and contributed to consumer confusion as to the origin of, or affiliation between, Bull Outdoor's products and unauthorized products.

55.    Bull Outdoor is informed and believes, and thereon alleges, that the foregoing actions of Defendants have been knowing, deliberate, willful and in utter disregard of Bull Outdoor's rights.

56.    These wrongful acts by Defendants have proximately caused and will continue to cause Bull Outdoor substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property.

57.    The above acts by Defendants constitute unfair competition. By reason of the foregoing and/or their conspiracy to do the same, Defendants have violated and will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

WHEREFORE, Bull Outdoor prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

(Common Law Passing Off and Unfair Competition – California Common Law)

58.    Bull Outdoor repeats and realleges each and every averment in the foregoing paragraphs as though fully set forth herein.

59.    Defendant's unauthorized use of the BULL® Trademarks, and/or its conspiracy to do the same, constitutes passing off and unfair competition in violation of the common law of California.

60.    Bull Outdoor is informed and believes and thereon alleges that the

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Bull Outdoor's rights.

61.    In this regard, Defendants' acts clearly and convincingly prove that Defendants are guilty of oppression, fraud, and/or malice, and thus, Bull Outdoor, in addition to its actual damages, may recover damages for the sake of example and by way of punishing Defendants.

62.    Defendants' wrongful acts have caused and will continue to cause Bull Outdoor irreparable harm. Bull Outdoor has no adequate remedy at law.

63.    Bull Outdoor is entitled to judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

WHEREFORE, Bull Outdoor prays for relief as set forth below.

## SIXTH CLAIM FOR RELIEF

### (California Unfair Competition – Bus. & Prof. Code § 17200 et seq.)

64.    Bull Outdoor repeats and realleges each and every averment in the foregoing paragraphs as though fully set forth herein.

65.    Bull Outdoor has built up valuable goodwill in its various trademarks for its high quality products.

66.    Defendants' misuse of Bull Outdoor's trademarks, and/or their conspiracy to do the same, has created and contributed to confusion, mistake, and deception among consumers as to the source of Defendants' unauthorized products and Bull Outdoor's goods, and falsely suggests a connection or association between Defendants' unauthorized products and Bull Outdoor.

67.    The foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Bull Outdoor's rights.

68.    Defendants' wrongful acts have proximately caused and will continue to cause Bull Outdoor substantial and irreparable injury, including loss of customers, dilution of goodwill, confusion of potential customers, injury to reputation, and diminution in the value of its intellectual property.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

COMPLAINT

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

69.    Defendants' acts and practices constitute unlawful and unfair business acts and practices within the meaning of California Business and Professions Code Section 17200, et seq. Defendants' unlawful and unfair business acts and practices are a direct and proximate cause of injury to Bull Outdoor.

70.    Bull Outdoor is entitled to recover amounts by which Defendants have been unjustly enriched from its unlawful and unfair business acts and practices of unfair competition.

71.    Bull Outdoor is entitled to judgment enjoining and restraining Defendants from engaging in further acts of unfair competition.

72.    By reason of the foregoing, Defendants have violated Sections 17200, et seq., of the California Business and Professions Code.

WHEREFORE, Bull Outdoor prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Bull Outdoor prays that the Court enter Orders in its favor and against Defendants as follows:

A.    That judgment be entered in favor of Bull Outdoor and against Defendants on all claims for relief;

B.    That judgment be entered in favor of Bull Outdoor and against Defendants for all damages sustained by Bull Outdoor due to Defendants' trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and under California law for common law passing off and unfair competition;

C.    That judgment be entered in favor of Bull Outdoor and against Defendants for all profits received due to Defendants' trademark counterfeiting, trademark infringement, false designation of origin,

unfair competition under the Lanham Act and under California law for common law passing off and unfair competition;

D.    That the award to Bull Outdoor for Defendants' trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition under the Lanham Act be trebled;

E.    That judgment be entered in favor of Bull Outdoor and against Defendants for statutory damages sustained by Bull Outdoor due to Defendants' trademark counterfeiting, in the amount of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just, pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. Section 1117(c);

F.    That judgment be entered in favor of Bull Outdoor and against Defendants for three times the profits or actual damages sustained by Bull Outdoor due to Defendants' trademark counterfeiting, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. Section 1117(b);

G.    That the Court order injunctive relief and restitution pursuant to California Business and Professions Code Sections 17200, et seq.;

H.    That the Court temporarily restrain and preliminarily and permanently enjoin Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity or in participation with Defendants, jointly and severally, from: 1) directly infringing, contributorily infringing or authorizing infringement of any of Bull Outdoor's trademarks, including the BULL® Marks; 2) continuing to import, market, offer, sell, transfer, advertise, promote, develop or manufacture any products that infringe or contribute to the infringement of Bull Outdoor's intellectual property rights, or to

LEECH TISHMAN FUSCALDO & LAMPL, INC.

(626) 796-4000

participate or assist in any such activity; 3) manufacturing, purchasing, distributing, promoting or selling any non-Bull Outdoor products bearing Bull Outdoor trademarks or sold in packaging bearing Bull Outdoor trademarks; 4) moving, discarding, destroying, selling, transferring, or otherwise disposing of any products that infringe or contribute to the infringement of Bull Outdoor's trademark rights; 5) moving, discarding, destroying, selling, transferring, or otherwise disposing of any non-Bull Outdoor products that bear BULL® Marks or are sold in packaging bearing BULL® Marks; 6) moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to the products that infringe or contribute to the infringement of Bull Outdoor's trademark rights; 7) moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to any non-Bull Outdoor products bearing Bull Outdoor trademarks or sold in packaging bearing Bull Outdoor trademarks; 8) clearing through Customs any and all goods, accessories or other items that infringe Bull Outdoor's trademarks, including the BULL® Marks; and 9) engaging in any other activity constituting unfair competition and unfair, misleading or deceptive trade practices with Bull Outdoor, or constituting counterfeiting, infringement or contributory infringement of Bull Outdoor's intellectual property, or constituting any damage to Bull Outdoor's intellectual property, reputation or goodwill;

I.     That the Court order Defendants to take down from its website(s)

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

and online stores any and all references to Bull Outdoor's trademarks, including but not limited to Defendant's references to BULL RT-700 and BULLSEYE;

J.  That the Court order Defendants to recall any and all goods for sale, and already sold, shipped or transported, Bull Outdoor's trademarks;

K.  That the Court order that Defendants instruct all its manufacturers, importers and Customs brokers in writing to stop manufacturing exporting and importing any and all goods, accessories, apparel and packaging bearing Bull Outdoor's trademarks;

L.  That the Court find that Defendants are guilty of oppression, fraud, and/or malice, and thus, that Bull Outdoor, in addition to its actual damages, may recover damages for the sake of example and by way of punishing Defendants;

M.  That the Court find that this case is exceptional;

N.  That Bull Outdoor be awarded its costs and attorneys' fees incurred in this action;

O.  That Bull Outdoor be awarded prejudgment interest and post-judgment interest on the above damages awards; and

P.  That Bull Outdoor be awarded such other and further relief as the Court may deem just and proper.

June 25, 2019

_____/s/Ivan Posey/_____
Alan M. Kindred
Ivan Posey
LEECH TISHMAN FUSCALDO & LAMPL, INC.

Attorneys for Plaintiff,
Bull Outdoor Products, Inc.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable by a jury.

June 25, 2019

/s/Ivan Posey/
Alan M. Kindred
Ivan Posey
LEECH TISHMAN FUSCALDO & LAMPL, INC.

Attorneys for Plaintiff,
Bull Outdoor Products, Inc.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
(626) 796-4000